IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JERAD M. ROSS,** )<br>  Plaintiff, )<br> )<br>v. )<br> )<br> )<br>**COMMONWEALTH OF VIRGINIA,** )<br>**et al.,** )<br>  Defendants. ) | Case No. 7:22-cv-00179<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

**MEMORANDUM OPINION**

Jerad M. Ross, a Virginia inmate proceeding pro se, filed this civil action against the Commonwealth of Virginia, the Virginia Department of Corrections ("VDOC"), and three VDOC officials, seeking relief for alleged violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be summarily dismissed for failure to state a claim upon which relief may be granted.

I.   Background

Ross is incarcerated at Red Onion State Prison in Pound, Virginia. Compl., ECF No. 1, at 1. He has a prison job for which he is paid 45 cents per hour. Id. at 3. Ross alleges that "[t]he state's minimum wage service law requires all employers to pay their employees a minimum wage of $11.00 per working hour." Id. He claims that the defendants are "excluding him as an employee from participating in the state's minimum wage service [law] by reason of his disability—'an incarcerated prisoner convicted of a felony'—in violation of the Federal Rehabilitation Act and [the] Americans with Disabilities Act." Id.; see also id. at 5 (asserting

that he is being denied a minimum wage of $11.00 "by reason of disability—incarceration"). Ross seeks a judgment declaring that the VDOC "must pay its prisoner[] employees the state's minimum wage." Id. at 5. He styles the complaint as a "class action." Id. at 1.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.     Discussion

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 the RA provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Thus, to state a claim under the ADA or the RA, a plaintiff must allege, among other things,

that he is disabled within the meaning of the statute. Both statutes define a "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); 29 U.S.C. § 705(9)(B).

Ross's complaint does not plausibly allege that he is disabled within the meaning of the ADA or the RA. Contrary to his assertions, "incarceration is not such a 'disability.'" Holt v. Baker, 710 F. App'x 422, 424 (11th Cir. 2017); see also Graham v. Pa. Dep't of Transp., No. 2:21-cv-00449, 2021 U.S. Dist. LEXIS 91236, at *13 (W.D. Pa. May 13, 2021) ("Simply put, incarceration is not a disability."); Calhoun v. Berrien Cnty., No. 1:20-cv-01076, 2021 U.S. Dist. LEXIS 61720, at *7 n.3 (W.D. Mich. Mar. 31, 2021) ("Neither incarceration nor indigency meets the ADA's definition of disability."); Smith v. Ketchem, No. 1:01-cv-00176, 2002 U.S. Dist. LEXIS 29247, at *14 (N.D.W. Va. Mar. 20, 2002), aff'd, 45 F. App'x 254 (4th Cir. 2002) ("[B]eing incarcerated is not a disability under the [ADA]."). Consequently, the complaint fails to state a claim under either statute.

## IV. Conclusion

For the foregoing reasons, the court concludes that Ross's complaint fails to state a claim upon which relief may be granted.* Therefore, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: June 3, 2022

Michael F. Urbanski
Chief United States District Judge

---

\* Additionally, to the extent the complaint is styled as a "class action," pro se class actions are not permitted. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).